(Scioto County Common Pleas.)
STATE OF OHIO v. JOHNSON.

---

(Prosecution for manslaughter for killing man while riding bicycle on road at excessive speed. Verdict, guilty.)

(1.) If the evidence in a criminal case satisfies the jury of the defendant's guilt to that degree of certainty to which they would act without hesitation in their own most important concerns of life, there is no reasonable doubt; otherwise there is.

(2.) Negligence is the failure to observe ordinary care.

(3.) Ordinary care is that degree if care and prudence which persons of ordinary care and prudence are accustomed to use and employ under the same or similar circumstances, having due regard to the rights of others and the objects to be accomplished.

(4.) Gross negligence is the failure to observe slight care; it is such wantonness, carelessness and recklessness as shows an utter indifference to the consequences that may result to the lives or safety of others.

(5.) Slight negligence is an absence of extreme care, the failure to observe that amount and degree of care and diligence which persons of extraordinary prudence and foresight are accustomed to use under the same or similar circumstances.

(6.) Where a person in the performance of a lawful act, without any intention to do harm, and without gross negligence on his part, kills another, such killing is an accident or misadventure and not criminal.

(7.) Manslaughter is any unlawful killing of another, either voluntarily upon a sudden heat or quarrel, or unintentionally, while the slayer is in the commission of some unlawful act.

(8.) The carelessness or negligence with which an act must be done in order to render the death of another resulting therefrom, criminal homicide or manslaughter, must be gross, and such as an ordinarily reasonable and prudent person might and reasonably ought to foresee, would endanger the lives and safety of others.

(9.) The negligence in such case must be the direct, natural and proximate cause of death.

(10.) The proximate cause of a thing is that which is the direct, efficient and superior cause producing it and to which all other causes are merely incidental.

## CHARGE TO JURY.

MILNER, J.

GENTLEMEN OF THE JURY:

The indictment in this case charges that Noah Johnson, on the twenty-fifth day of May, 1901, in this county, did unlawfully kill Emory Barrows; in other words, it charges the defendant with manslaughter.

To this indictment, the defendant has entered a plea of not guilty, which denies and puts in issue every material allegation of the indictment, and this is what makes up the issues now submitted to you for determination; and you are to determine these questions of fact, or issues in the case, entirely from the evidence introduced from the witness stand, upon the trial, and in accordance with the instructions of law given you by the court.

Counsel for the defendant has stated to the court and jury that is admitted in this case that the defendant, Noah Johnson, while riding his bicycle on the street or highway of the town of Sciotoville, in this county, on or about the date alleged, struck, or collided with the deceased and killed him, so that the only issue of fact left for this jury to determine in the case is whether or not the said killing was

unlawful. That is denied on part of the defendant, and is the only material fact in the case that is denied; therefore, I say it is the only issue for the jury to determine whether or not the killing was unlawful.

If you find from the evidence beyond a reasonable doubt, therefore that said killing was unlawful, your verdict must be that the defendant is guilty of manslaughter, as he stands charged in the indictment. If you do not so find, your verdict must be that he is not guilty.

Now, the state claims that the defendant, at the time he struck and killed the deceased, was riding his bicycle so recklessly and negligently as to render it unlawful, and that therefore, said killing is manslaughter. The defendant claims:—

(1) That said killing was entirely an accident on his part;

(2) That whether or not defendant was guilty of any negligence in the case, the direct and proximate cause of the decedent's death was his own negligence.

So that it becomes necessary for me to define these terms and state the principles of law applicable to the case in these respects:

"Negligence," as defined by our Supreme Court in the 8th Ohio State Reports, "is the failure to observe ordinary care; and ordinary care is that degree of care and prudence which persons of ordinary care and prudence are accustomed to use and employ under the same or similar circumstances, in order to conduct the enterprise in which they are engaged, to a safe and successful termination, having due regard to the rights of others and the objects to be accomplished."

"It is obvious from this definition that the ordinary care required by the rule has not only an absolute, but also, a relative signification; it is to be such care as prudent persons are accustomed to exercise under the peculiar circumstances of each case; if called into exercise in circumstances of peculiar peril, a greater amount of care is required than where the circumstances are less perilous, because prudent and careful persons, having in view the object to be attained, and the just rights of others, are accustomed in such cases, to exercise more care than in cases of less peril. The amount of care is indeed increased, but the standard is still the same; it is still nothing more than ordinary care, under the circumstances of that peculiar case. Therefore, in determining whether a particular act was done negligently or not, all the circumstances under which it was performed and attending it, are to be taken into consideration by the jury, so far as they are proven in the case.

"Gross negligence," as I shall use that term, in the course of these instructions, is something more than the failure to observe ordinary care; it is failure to observe even slight care; it is such wantonness, carlessness and recklessness as shows an utter indifference to the consequences that may result to the lives or safety of others,—an utter disregard of the rights of others. Slight negligence is an absence of extreme care, the failure to observe that amount and degree of care and diligence which persons of extraordinary prudence and foresight are accustomed to use under the same or similar circumstances.

An accident or misadventure is where a person in the performance of a lawful act, without any intention to do harm ,and without gross negligence on his part, unfortunately kills another. Of course, if the killing in this case was an accident as thus defined, the defendant should be acquitted.

Manslaughter is any unlawful killing of another, without malice, either voluntarily, upon a sudden heat or quarrel, or unintentionally, while the slayer is in the commission of some unlawful act.

You will thus see, gentlemen, that if one, while in the commission of an unlawful act, kills another, although unintentionally, it is manslaughter.

Now, an act lawful in itself when properly performed, may be performed so improperly, that is, so recklessly and wantonly as to render it unlawful, and in such case, if the death of another result directly and proximately therefrom, it is manslaughter; the wanton recklessness of gross negligence, in such case, supplying the place of direct criminal intent.— But inferences of guilt are not to be drawn from remote causes, and the law does not hold a person criminally responsible for slight negligence, nor even for a mere failure to observe or to exercise ordinary care and diligence; but only for gross negligence in the sense that I have above defined that term to you. In other words, to make it entirely plain to you: The carelessness or negligence with which an act must be done in order to render the death of another resulting therefrom, criminal homicide or manslaughter, must be gross, and such as an ordinarily reasonable and prudent person, that is, a person of ordinary discretion and judgment, might, and reasonably ought to foresee and anticipate, would endanger the lives and safety of others, and be likely to result in fatal injuries to others.

Again, the negligence in such case must be the direct, natural and proximate cause of the death. That may be properly said to be the proximate cause of a thing which is the direct, efficient and superior cause producing it, and

to which, all other causes are merely incidental. The defendant, as I said, claims that the death of the decedent was the direct and proximate result of the decedent's own negligence; if that is true, then such killing was not the direct and proximate result of the defendant's acts, and the defendant would not be guilty.

However, negligence on the decedent's part, contribution to his death, or the mere fact, if shown, that proper caution on part of the decedent might have kept him out of danger, will not excuse the defendant, unless the decedent's negligence was the immediate and proximate cause of his death; it would not excuse the defendant nor relieve him from criminal liability in the case, if the defendant's own gross negligence was the direct and proximate cause of the decedent's death, and it would not have been occasioned but for such negligence on the defendant's part.

Now, gentlemen, apply these principles to this case, and determine from the evidence introduced upon the trial whether the defendant, Noah Johnson, at the time he struck and killed the decedent, Emory Barrows, was riding a bicycle with gross negligence and was it such as an ordinarily reasonable and prudent person might and reasonably ought to have foreseen would endanger the lives and safety of others, and be likely to produce fatal injuries; and was such killing the direct, natural and proximate result of such negligence? If the evidence satisfies you beyond reasonable doubt of all these matters, then your verdict should be that the defendant is guilty of manslaughter, as he stands charged in the indictment; otherwise, you should acquit him.

Now, these are all the instructions of law that I think necessary to give you at this time. As I have already said, you are to determine this case solely from the evidence, in accordance with these instructions that I have given you. You are to endeavor to make your verdict the intelligent consensus of the entire panel; that is to say, no one of you should, from the outstart, stand obstinately on his own opinion, but you should each and all, with patience, hear what your fellow jurors have to urge, whether in favor of or against a conviction, and you should patiently canvass and consider all the evidence introduced, in order that your verdict be the intelligent concensus of the whole jury,—that it be a true verdict, according to the law and the evidence. So let it be.

Verdict: Guilty as charged.

Henry Bannon, for Plaintiff.

Thomas C. Beaty, for Defendant